IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GLEN TAYLOR, #127254,                  :

    Plaintiff,                              :

vs.                                                   :        CIVIL ACTION 14-558-CB-C

C. PEARSON, *et al.*,                        :

    Defendants.                         :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*,[1] filed a complaint under 42 U.S.C. § 1983 together with a motion to proceed without prepayment of fees. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The Court's grant of *in forma pauperis* status is being revoked by separate order in light of this report and recommendation.

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

Because plaintiff was granted leave to proceed *in forma pauperis*, the Court reviewed the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama to determine if he has three or more *in forma pauperis* actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief can be granted. From those dockets the Court discovered that plaintiff has had three *in forma pauperis* actions dismissed for one of the foregoing reasons, namely, *Taylor v. VanWyk,* CA No. 94-1631-ID-JLC (M.D. Ala. Jan. 12, 1995); *Taylor v. Smithhart*, CA No. 10-1057-ID-SRW (M.D. Ala. Mar. 20, 2011); and *Taylor v. Pearson*, CA No. 14-101-KD-M (S.D. Ala. June 27, 2014).

Thus, in order to avoid the dismissal of the present action pursuant to § 1915(g), plaintiff must satisfy § 1915(g)'s exception, which requires that at the time of the complaint's filing, he show that he was "under imminent danger of serious physical injury." *See Adbul-Akabar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present

2

imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

In determining if the exception to § 1915(g) is satisfied, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown*, 387 F.3d at 1350. To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen*, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.). Plaintiff has not done this.

In the complaint, plaintiff alleges that defendant C. Pearson, a SAP counselor, complained about him growing his hair long, and refers the Court for the background of this claim to his prior case of *Taylor v. Gandy*, CA No. 11-27-KD-B, which he maintains "was dismissed with the understanding that the ADOC would stop the overreaching conduct."[2] (Doc. 1 at 4, 11). Plaintiff told Deputy Warden Meyers about this. (*Id.*). Because he would have to side with an officer in a conflict, Meyers recommended that plaintiff move out of the Man of Integrity Dorm, which is supervised by defendant Pearson, and resign his law library clerk position, because the law library is adjacent to defendant Pearson's office. (*Id.*). Following these suggestions, plaintiff was moved to the

---

[2] This Court's docket sheet in *Taylor v. Lt. Gandy*, CA No. 11-27-KD-B (S.D. Ala. Dec. 6, 2012), reflects that defendants' motion for summary judgment was granted and the action was dismissed. The record does not reflect any relief of the nature plaintiff described.

3

Honor/Faith Dorm and to the trash crew. (*Id.*). For one year, plaintiff had no conflicts with defendant Pearson, but then defendant Warden Stewart moved defendant Pearson's SAP program into the Honor/Faith Dorm. (*Id.*).

Defendant Pearson then began complaining to plaintiff about his hair and his exercise of his Nazirite vows, which ADOC previously had recognized. (*Id.* at 12). Defendant Pearson complained about plaintiff's hair to Lt. McCovery, who informed her that ADOC did not require that plaintiff cut his hair. (*Id.*). She then went to defendants Warden Stewart and Warden Smith, who in turn showed plaintiff an old copy of an inmate handbook showing a regulation haircut for male prisoners. (*Id.*). This haircut required that hair be off the collar and ears. (*Id.*). Defendant Smith took plaintiff to the segregation unit where his hair was cut. (*Id.*). As a result, plaintiff filed *Taylor v. C. Pearson*, CA No. 14-101-KD-M, on April 1, 2014, which was dismissed without prejudice because plaintiff failed to list his previous lawsuits. (*Id.* at 13). Plaintiff was told that he had twenty-two months to re-file his complaint, which is the reason he filed the present complaint. (*Id.*)[3]

In addition, on June 23, 2014, defendant Lt. Bailey denied plaintiff access to the kitchen for lunch because he was not clean-shaven. (*Id.*). Then, on June 24, 2014, defendant Sgt. A. Newman arrested plaintiff and took him to the barbershop so plaintiff could be clean-shaven before being released into population. (*Id.*). And on July 31, 2014, defendant Lt. Bailey ordered plaintiff to

---

[3] In addition, the Court advised plaintiff that the malicious dismissal would be counted as a strike for § 1915(g) purposes, that he already had two other cases that are counted as strikes, and that he would be considered a three-striker with respect to any future § 1983 actions that he may file while incarcerated. *Taylor v. C. Pearson,* CA No. 14-101-KD-M (S.D. Ala. June 27, 2014) (Doc. 8 at 8 n.4, 9).

remove two staples from his ear, which were preventing his piercings from closing. (*Id.*).

On October 26, 2014, defendant Lt. M. Bonner took plaintiff's food tray away and ordered him out of the kitchen because he was not clean-shaven. (*Id.* at 14). On November 6, 2014, defendant Pearson, even though she is not a correctional officer, ordered plaintiff to cut his ponytail (alleged to be loose ends of hair gathered in a rubber band) and told him that otherwise he would be transferred out of the faith dorm for non-compliance. (*Id.*). On November 18, 2014, defendants Stewart and Smith placed him under arrest and ordered that he be taken to segregation, where his hair and eyebrows were cut to the scalp. (*Id.* at 15).

Plaintiff maintains that these actions violated the First and Eighth Amendments and his due process and equal protections rights. For relief, plaintiff seeks an "order that plaintiff's hair, facial hair, earrings, etc. are constitutionally protected under speech, expression, religion and equal protection." (*Id.* at 7).

The Court finds that these allegations do not demonstrate that plaintiff was under "imminent danger of serious physical injury" at the time of filing. Plaintiff filed the complaint between November 25, 2014, when he signed the complaint, and December 2, 2014, when the Court received the complaint. (Doc. 1). *Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988) (delivery of prisoner's notice of appeal to prison officials for mailing to the court constitutes filing). The incidents about which plaintiff complains occurred prior to the filing of the complaint and are described as occurring in the past. Furthermore, no allegations in the complaint demonstrate that plaintiff suffered

5

a serious physical injury in the past and was expecting to sustain a serious physical injury in the future. Accordingly, the Court finds that plaintiff was not facing an "imminent danger of serious physical injury" when the complaint was filed.

Because plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400 filing fee at the time he filed this action, plaintiff's action is due to be dismissed without prejudice. *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2013). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in

the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this 11th day of February, 2015.

                                         s/WILLIAM E. CASSADY
                                         UNITED STATES MAGISTRATE JUDGE